**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rochelle and Gary Heyniger on behalf of minor child, D.H., <br><br>  Plaintiff, <br><br> vs. <br><br> The Arizona State School for the Deaf and the Blind; et al., <br><br>  Defendants. | No. CV-08-1226-PHX-LOA <br><br> **ORDER** |

This action arises upon Plaintiffs' timely-filed Amended Complaint. (docket # 10)  Upon review of the Amended Complaint, Plaintiffs have, indeed, withdrawn their federal § 1983 claim and allege state law claims only. This Court concludes that it is unnecessary to await Defendants' Reply and thereby cause additional delay on an inevitable result.  See, Rule 1, FRCvP ("These rules . . . shall be construed and administered to secure the just, **speedy**, and inexpensive determination of every action.") (emphasis added).

"In 1988, Congress amended [28 U.S.C. §] 1447(c) as part of the Judicial Improvements and Access to Justice Act of 1988." *Millar v. Bay Area Rapid Transit Dist*., 236 F.Supp.2d 1110, 1115 (N.D.Cal. 2002). Where an action is removed from a state court, Congress requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added). In a pre-1988 case addressing § 1447, the Supreme Court held that a district court

has the discretion to remand pendent state claims "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). Discretionary remand is essential for dealing with pendent claims "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id*. In *Carnegie-Mellon*, the district court remanded the state claims after plaintiffs amended their complaint to drop their only federal claim.

Federal subject-matter jurisdiction is analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc. et al.*, 159 F.3d 1209, 1213 (9th Cir.1998). There is no contention in Plaintiffs' Response that Defendants improperly removed this case to this District Court. The Court finds it unnecessary to engage in speculative analysis of whether a district court is mandated by § 1441(c) to remand this case to state court or whether it has the judicial discretion to keep and resolve the pending state claims and defenses. See, *Fent v. Oklahoma Water Resources Board*, 235 F.3d 553 (10th Cir. 2000). It is very early in this litigation, discovery has not yet commenced, and there is no trial date. Moreover, judicial economy, fairness and comity are better served by having the state courts address the state claims and defenses alleged herein, especially Defendants' case-dispositive contention that Plaintiffs have not complied with Arizona's Notice of Claim Statute, A.R.S. § 12-821.01.[1] See, *Crum v. Superior Court*, 186 Ariz. 351,  922 P.2d 316 (Ariz.Ct.App.

---

[1] If Plaintiffs were to make a novel argument regarding the application of A.R.S. §12-821.01 that the Arizona courts have not yet had the opportunity to answer, a district court must "make a reasonable determination of the results the highest state court would reach if it were deciding the case." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, n. 7 (9th Cir.2000) (quoting *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993)). A district court "must use [its] best judgment to predict how that [Arizona] court would decide it." *Capital Dev. Co. v. Port of Astoria*, 109 F.3d 516, 519 (9th Cir. 1997) (quoting *Allen v. City of Los Angeles*, 92 F.3d 842, 847 (9th Cir. 1996)).

1996) (If the claimant asserts a claim against a public entity and a public employee, the claimant must give notice to both the public entity and the public employee) and the numerous cases addressing this statute since the Arizona Supreme Court's February 2007 decision in *Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz. 293, 152 P.3d 490 (2007).

**IT IS ORDERED** that Plaintiffs' Cross-motion to Remand this case back to Maricopa Count Superior Court, docket # 7, is **GRANTED** and hereby remanding this case to the Maricopa Count Superior Court for further proceedings**.** With entry of this remand order, this case is terminated from this District Court's docket without prejudice to Plaintiffs' claims alleged in their Amended Complaint and the defense raised in Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that each party shall bear their own costs and attorneys' fees incurred in removing this matter to federal court. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 489 (9th Cir.1995) ("We hold that plaintiffs' decision to plead both state and federal claims in state court and to dismiss the federal claims after removal was not conduct for which section 1447(c) authorizes the award of fees.")

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss, docket # 5, is **DENIED** without prejudice to refiling a motion for summary judge in state court.[2]

DATED this 25th day of August, 2008.

Lawrence O. Anderson
United States Magistrate Judge

---

[2] Defendants' Motion to Dismiss, which attached an affidavit thereto that was not a part of the Complaint, should have been filed as a motion for summary judgment that fully complied with Rule 56, FRCvP, and LRCiv 56.1. *McGrath v. Scott*, 250 F.Supp.2d 1220-21 (D.Ariz. 2003) and the collection of cases cited therein.